DECISION
Plaintiffs have appealed from an act of the Marion County assessor in disqualifying 3.95 acres of their land, identified as Account R47215, from farm use special assessment for the 2008-09 tax year. The November 5, 2008, case management conference was converted to a trial. Fred E. Wallace (Wallace) testified for Plaintiffs. Defendant was represented by Glen White.
 I. STATEMENT OF FACTS
The subject property lies in an area zoned Exclusive Farm Use (EFU). Plaintiffs have owned and farmed the property for many years. The land had earlier received the special assessment for EFU land. Beverly Wallace is now deceased. Wallace is 77 years old and has had some health issues. He testified in a candid and straight-forward manner.
Defendant's appraiser visited the property in the summer of 2007; she observed no farming activities. She followed up with letters that were not answered. Subsequently, the 3.95 acres were disqualified on June 12, 2008.
In the early part of 2007, horses were pastured at the site. They were later moved to a different location. The parties agree there were no animals using the land from late June of 2007 until mid-August, 2008. Wallace contends that was caused by circumstances beyond his immediate control. *Page 2 
Beginning in the spring of 2008, Plaintiff faced many challenges. In addition to dealing with his advancing age and own health issues, his stepson died in Houston, Texas. That required Plaintiff to travel over several weeks to Texas and Florida, dealing with estate issues and the like. The letters sent by Defendant were not forwarded for Plaintiff to read and to respond.
Upon his eventual final return to Oregon, Plaintiff immediately contacted Defendant's representative. He then took decisive curative actions, which included purchasing livestock to graze the pasture. The livestock was first introduced to the land on August 23, 2008, according to Plaintiff's testimony. According to its representative, if this current use continues, Defendant is likely to reinstate the property to the farm use classification as of January 1, 2009. That, then, leaves the single 2008-09 tax year as the sole period of potential disqualification.
 II. ANALYSIS
Under ORS 308A.113(3)(a), [1] land within an EFU zone that is "no longer in farm use" must be disqualified. Defendant earlier observed no farming activities and her written requests for further information were not honored.
Defendant's initial disqualification action was entirely proper. It had observed no activities and its letters went unanswered. It was unaware of the extenuating circumstances until Plaintiff's sworn trial testimony was adduced.
ORS 308A.056(3)(i) allows for an exception to the active farming requirements and allows for a one year grace period. It provides that qualifying farmland includes:
 "Land lying idle for no more than one year when the absence of farming activity is the result of the illness of the farmer or a member of the farmer's immediate family, including injury or infirmity, regardless of whether the illness results in death."
ORS 308A.056(3)(i) *Page 3 
Wallace's life, during the pertinent time, was seriously affected by family circumstances and his own health issues beyond his immediate control. Based on his sworn uncontradicted testimony, they clearly caused disorder in his life. That disorder was the direct cause of the absence of animals in the spring of 2008.
 III. CONCLUSION
On the specific facts before it, the court concludes that Plaintiffs' circumstances meet the limited exceptions provided by ORS 308A.056. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted and Defendant's farm use disqualification shall be reversed for the 2008-09 tax year.
Dated this ___ day of November 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1